Richard S. Mayberry, Esq. Informal Opinion No. 95-2 Town Attorney Town of Bristol 2220 South Clinton Avenue Rochester, N Y 14618
Dear Mr. Mayberry:
You have indicated that a member of the planning board, due to his business activity as a real estate broker in the area of a proposed subdivision currently before the planning board for approval, has indicated that he must abstain from voting on the application. The board member, however, has indicated that he intends to continue to sit as a member of the planning board during the presentation and consideration of the application and fully intends to participate in the discussion of the application up to the time of vote. You have asked whether the board member, upon declaring his intention to abstain because of the conflict of interests, is required to remove himself from the board's proceedings and deliberative process on this pending application.
In prior opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. 1984 Op Atty Gen (Inf) 86. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Ibid.
We have found that members of local bodies, including planning boards, with conflicts of interests in a particular application or matter before the body, should recuse themselves from taking any actions with respect to that matter or application. Op Atty Gen (Inf) No. 90-38; 1988 Op Atty Gen (Inf) 123, 124; 1988 Op Atty Gen (Inf) 115, 117. We have stated that members with conflicts of interests must recuse themselves from participating in any deliberations or votes concerning the application creating the conflict. Op Atty Gen (Inf) No. 90-38. The board member's participation in deliberations has the potential to influence other board members who will exercise a vote with respect to the matter in question. Further, we believe that a board member with a conflict of interests should not sit with his or her fellow board members during the deliberations and action regarding the matter. The mere presence of the board member holds the potential of influencing fellow board members and additionally, having declared a conflict of interests, there would reasonably be an appearance of impropriety in the eyes of the public should the member sit on the board.
Thus, it is our view that once a board member has declared that he or she has a conflict of interests in a particular matter before the board, that the board member should recuse him or herself from any deliberations or voting with respect to that matter by absenting himself from the body during the time that the matter is before it.
We conclude that a member of a local planning board who has stated that he or she has a conflict of interests concerning a particular matter before the board must absent himself from the board during the time that the matter is before it.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions